Chandler S. Knight, J.
The defendants have been charged with first degree murder in an indictment handed down by the Grand Jury of Rensselaer County. The defendant, Richard M. La Belle, has made a motion for a pretrial determination of the voluntariness of a written statement made by him.
The voluntariness of a statement made by a defendant is for the court to determine. Evidence surrounding the making of the statement must be heard by the court in the absence of the jury. (Jackson v. Denno, 378 U. S. 368.) The Jackson case has *325 overruled and held unconstitutional the century-old New York proceeding wherein the jury determined the voluntariness of a confession.
If and when the prosecution offers to introduce the statement in evidence is the appropriate time for the court to hear such evidence. If the court determines the statement was involuntary, the statement will be denied admission in evidence. Should the court find it was made freely, voluntarily and without compulsion of any sort, it would be received in evidence if it is otherwise unobjectionable.
The credibility of a statement made by a defendant is for the jury to determine. Hence evidence surrounding the making of the statement must be submitted to the jury so the jury may determine the weight to be given it.
This motion was made returnable on Friday, September 11, 1964. The date of the jury trial of this case is Monday, September 14, 1964. The date of trial was fixed on June 19, 1964, with the consent of all parties.
No compelling reason exists for a pretrial determination of the voluntariness of the written statement. The procedure outlined above will be followed on the trial.
Motion denied.
(Decision made Sept. 24, 1964, upon reconsideration.)
When this case was called for trial on September 24, 1964, the defendant Richard M. La Belle moved for an order staying the trial until such time as an appeal to the Appellate Division of the Supreme Court from an order made by Supreme Court Justice Cooke dismissing a writ of habeas corpus on September 23,1964, which had been obtained by the defendant on September 22, 1964, could be perfected and determined.
The defendant, in his application for the writ, challenged the legality of the defendant’s detention upon the ground that under the decision made by the United States Supreme Court in Jackson v. Denno (378 U. S. 368, decided June 22, 1964), such detention became constitutionally impermissible from the time ‘ ‘ your Honor denied a previous motion for an order directing a pretrial hearing to determine as to the voluntariness of the [defendant’s] statement”.
It seemed obvious to this court that there was no merit to the habeas corpus proceeding and that the appeal from the order denying it, as well as the intended appeal from an order which might be made denying the present motion for a stay, is designed solely for the purpose of obtaining a lengthy delay of the trial of this case.
*326 The court is thus constrained to make the following decision.
I am convinced, Mr. O’Connor, as I think you probably are, that there would be no appeal prior to a final judgment from the order I made on September 14 denying your motion, for the reason that it was an intermediate order. However, you have taken a civil proceeding, not criminal, for a writ of habeas corpus. As I understand it, you base that proceeding upon the order that I made denying your motion for a pretrial determination of the voluntariness of the statement, so apparently you have succeeded in getting around, you might say, the intermediate order situation.
The decision in Jackson v. Denno by the United States Supreme Court, as we all know, required the court to make a determination of the voluntariness of a statement of a defendant. That is entirely new law as far as the State of New York is concerned. The decision contains no direction of the procedure to be followed. It merely states, as Mr. Russell pointed out, that such proceeding should be taken upon the offer in evidence of a statement. I should think that would imply that there can be no hearing to determine the voluntariness of a statement until such statement is offered. It has not been offered yet. It may never be offered. I think the order that I made on September 14 would carry out the mandate of that decision.
Following other decisions of the United States Supreme Court, the New York State Legislature has adopted statutes for pretrial procedure. This decision of Jackson was made on June 22,1964, and there has been no opportunity for the Legislature to adopt procedure, nor has there been an opportunity for the Judicial Conference to make recommendation for any such procedure.
I held as I have said before, that I believe that the decision of the United States Supreme Court called upon the court to determine the voluntariness of a statement in the absence of the jury. I also believe that the jury should have no inkling of what that determination is. I think that, following the court’s determination, the matter should again be submitted to the jury to determine the voluntariness of the statement as well as the truth and value of the contents of the statement. That is what I believe should be done and which the United States Supreme Court contemplated.
I said in my decision on your motion that no compelling reason exists for a pretrial determination of the voluntariness of the statement. I feel that now a reason and perhaps a compelling reason exists, and that compelling reason is that a prompt trial should be had in this case. It has dragged along all last Winter, last Spring and last Summer. I had heard motion after *327 motion, and four or five of them as late as September 11, including the motion for a pretrial determination of the voluntariness of the statement of the defendant Richard M. La Belle, which I denied.
I still think the court was right in its decision, but as I said at that time in the decision, there was no compelling need for the granting of the motion. I still believe there is no question but what the decision I made on September 14 was correct.
However, in order to insure a prompt trial of this case, I am going to vacate and rescind the order I made denying the motion for a pretrial determination of the voluntariness of the defendant’s written statement, and I am going to direct, and I do direct and order, that a hearing be held on next Monday, in which a determination will be made of the voluntariness of the alleged statement made by the defendant.
I think this decision makes your application academic and I therefore deny your motion for a stay.