James Wilburn GIBSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23280.

United States Court of Appeals
Fifth Circuit.

July 13, 1966.

A. Pope Gordon, Montgomery, Ala.,
for appellant.

No appearance for appellee.

Before TUTTLE, Chief Judge, BELL,
Circuit Judge, and KILKENNY,* District Judge.

KILKENNY, District Judge:

Christmas night, 1963, a black two-door 1962 Chevrolet was stolen in Tifton, Georgia. Some three or four weeks later, the same automobile was driven by appellant from Columbus, Georgia, to Mobile, Alabama. There, appellant traded the automobile to a company, owned and

* Of the District of Oregon, sitting by designation.

operated by Luther Hinton, Jr., for a 1956 Buick and approximately $700.00 in cash. Appellant was indicted for, and convicted of, a violation of the Dyer Act [1] on two counts, from which conviction he appeals.

This case presents a good example of the circumstances under which the reception in evidence of hearsay testimony constitutes reversible error. Hinton was told, in a telephone conversation with *someone* connected with Lucky Motors in Columbus, that appellant had purchased the automobile from that company. Agent Colglazier, an agent of the Federal Bureau of Investigation, testified he found, from his investigation, that appellant told several people he was associated with Lucky Motors. That company, which Hinton and the Agent indicated was a very shady operation, went out of business shortly after the purported sale of the car to appellant. At the time of the trial, Hinton was permitted to state his opinion that Gibson had stolen the automobile.

On December 4, 1964, immediately after his arraignment in connection with the indictment, appellant was interviewed by the Agent. He claims appellant was advised of his rights to remain silent and to have an attorney present. Appellant later called the Agent and on December 8th he visited the appellant in Brewton, Alabama. Appellant was not in custody, but was interviewed. At this time, the Agent claims, appellant was again advised of his right to a lawyer and to his right to remain silent. Appellant told the Agent he had had the car since November, 1963; but when advised the car was stolen on Christmas night, he said that he was not certain when he had secured its possession. A third interview on February 11, 1965, was in the Agent's office.

In the instructions to the jury, the judge made reference to certain statements by appellant to the Agent "which might be considered in the nature of an admission against his interests and might show 'consciousness of guilt'." Furthermore, he commented on the fact that the car had been stolen on Christmas night, 1963, and that it had been found in appellant's possession in January, 1964. This circumstance, the judge told the jury, if not satisfactorily explained, could justify the jury in inferring that appellant knew that the automobile had been stolen and that a similar inference might properly be drawn if appellant was found to have transported the car in interstate commerce. Appellant admitted that he had so transported the automobile. Of significance is the fact that the court in commenting on the evidence made no reference to anything that might support the appellant's theory of the case, i. e. that he lacked knowledge that the car had been stolen.

Two of appellant's assignments of error have merit:

(1) that the court erred in permitting Hinton to testify that he believed appellant had stolen the auto; [2]

(2) that the court erred in permitting the Agent to testify that several people had heard appellant admit being associated with Lucky Motors.

The two assignments must be treated together. We are aware of no practice under which the witness should have been permitted to express his opinion as to the guilt of the appellant. Appellee does not question the impropriety of the questions and the answers, but would avoid the error by arguing that no objection was made and that the error, if any, was harmless. We would be inclined to follow this line of argument if the record was otherwise free from error. This, however, is not the fact.

---

1. 18 U.S.C. §§ 2312, 2311.

2. "Q. Do you know whether he stole the automobile or not?
A. Sir?

Q. Do you know whether he stole the automobile or how he got it?
A. I believe he did."

The hearsay testimony of the Agent, to which objection was made, struck at the very foundation of appellant's defense. Again, the Government would by-pass the error, this time by arguing that appellant's lawyer opened the door on cross-examination. True enough, appellant's lawyer interrogated the Agent with reference to the existence of Lucky Motors, its operation by Miller and the witness' knowledge as to the notarization of the bill of sale from Lucky Motors to appellant. Proper cross-examination on the Agent's knowledge of the affair, did not open the gates to an avalanche of hearsay testimony on what might have been said by other unidentified parties. His testimony that inquiries from others revealed appellant as an operator of Lucky Motors, the signer of the bill of sale, was pure hearsay. Although the appellant took the witness stand and vigorously denied making statements which would associate him with Lucky, his denial under the circumstances, just served to emphasize the importance of the hearsay. The Agent testified to conflicting statements made by the appellant, and since the court instructed the jury that the conflicting statements so made might point to a "consciousness of guilt", it becomes evident that the challenged hearsay constituted not only error, but error of a highly prejudicial character. On the record before us, we are justified in holding that the verdict of the jury was probably persuaded by those errors and that the substantial rights of the appellant were affected. Since the errors had substantial influence on the verdict or, at least, leave us in grave doubt as to their effect, the conviction must be set aside. Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

■ While Zacher v. United States, 227 F.2d 219 (8th Cir. 1955) and United States v. Evans, 239 F.Supp. 554 (E.D. Pa.1965), cited by appellee, are sound, they do not reach our factual arena. In all instances, where substantial or fundamental rights have been affected by hearsay, or other inadmissible testimony, reversible error is committed. Barfield v. United States, 229 F.2d 936 (5th Cir. 1956).

Appellants' alleged statements and admissions to the Agent, must now hurdle the barriers unveiled in the recent offspring of Escobedo,[3] including, Miranda v. Arizona, Vignera v. New York, Westover v. United States and California v. Stewart, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, June 13, 1966. This formidable foursome, the legitimacy of which is challenged by four members of the Supreme Court, may cause the district judge to reappraise his previous stand on the admissibility of the challenged statements and admissions. The "guidelines" suggested by the Chief Justice, were not available at the time of trial and we see no reason why those principles should not be applied on the new trial of this cause. Johnson et al. v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966), would appear to support this view. Consequently, the district judge should have the first chance to take another look at the problem.

The judgment of the lower court is set aside and the cause remanded for further proceedings in conformity herewith.

---

3. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).