John J. McCall, J.
Defendant herein was convicted November 27, 1964 of the crime of murder in the first degree in the County Court of Rensselaer County. Eventually the judgment of conviction was reversed by the Court of Appeals on November 29,1966 (18 NY 2d 405) and the defendant remanded for a retrial on the second count of the indictment only, to wit, the one for felony murder. Prior to that second .trial, defendant now moves for an order of this court giving him a hearing to determine whether or not a statement taken from him in December, 1963, while he was in custody and prior to his indictment, was so taken in violation of his constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. He claims that his rights as outlined in Miranda v. Arizona (384 U. S. 436) were violated and further demands that his statement be declared inadmissible under the Miranda doctrine.
In Miranda, the Supreme Court held as to in-custody interrogation the person must be (a) unequivocally informed of his. right to remain silent (b) said warning must be accompanied by the explanation that anything he says can and will be used against him (c) he must be informed of his right to consult a lawyer and to have a lawyer present at the interrogation (d) further, he must be warned that if he is indigent, a lawyer will be appointed to represent him. Miranda further held that unless these warnings are demonstrated by the prosecutor at trial, no evidence obtained as a result of interrogation can be used against him. (Miranda v. Arizona, supra, p. 479.)
Right here a procedural question presents itself. Is compliance with the Miranda doctrine to be determined at the trial as a question of fact by the jury, or is there to be first a separate determination outside the trial by the court? If the court determines adversely to the defendant, is the question still one for the jury? The Supreme Court itself was silent as to procedure simply .saying the prosecution must demonstrate the giving of warnings at the trial. If all is to be left to the trial, this motion is premature. This court recognized this present difficulty at the time of the argument and counsel for both sides were not able to offer any cases either way. We are dealing here with confessions and whether the confession be bad, either by the traditional standards of voluntariness or .the new standards of protection by the right of self incrimination, it seems to this court, that the method of determining the competence of the evidence should be the same. The long used New York method of permitting the jury to pass the only judgment has been abandoned as unconstitutional. It would seem to this court that permitting the jury to have the complete say in this new situation *113 would be a retrogression into the unconstitutional area. The Supreme Court must be deemed, in Miranda, to have implied that the Jackson v. Denno principle of court judgment first, then jury judgment, if necessary, be applied. The words of the court were “at trial”; and that term should be deemed to include the indicated pretrial procedure.
Looming large here is the question .of retroactivity. In Johnson v. New Jersey (384 U. S. 719) decided by the Supreme Court one week subsequent to Miranda, is the leading case. In the early lines of the decision we read “We hold further that Miranda applies only to cases in which the trial began after the date of our decision one week ago ” (p. 721). Stopping there, this court could dash headlong into the thing and say since the present trial is yet to begin, Miranda must apply. Even momentary reflection poses the question. Did the Supreme Court intend to include retrials or was its mandate limited to an original trial only? The high court, in discussing its reasons for the in futuro application only said in substance (a) retroactivity will disrupt administration of criminal laws, (b) law-enforcement agencies fairly relied on prior cases, no longer binding in obtaining statements, (e) case law on coerced confessions is available for persons whose trials have been completed, provided procedural requisites for direct or collateral attack are met, (d) the new safeguards have always been a part of the an involuntariness claim (pp. 730-731).
At one point in summary the court said: “ All of the reasons set forth for making Escobedo and Miranda nonretroactive suggest that these decisions should apply only to trials begun after the decisions were announced. Future defendants [italics ours] will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test. Law enforcement officers and trial courts will have fair notice that statements taken in violation of these standards may not be used ” (p. 732). This present defendant is certainly not a future defendant, having been one well over two years prior to Miranda and the Supreme Court could not have had those in his position in mind. Again, the high court was concerned with validating what the enforcement officers fairly did and putting the retrial of this defendant in the class of an .original trial will not serve that concern.
At another place, the court stated: “ We do not find persuasive reason to extend Escobedo and Miranda to cases tried before those decisions were announced, even though the cases may still be on direct appeal ” (p. 733). In the instant case, the appeal was still pending at the time Miranda emerged and on that *114 appeal the doctrine was not available to the defendant. Should it become more so simply because the appeal was successful? There is to be a new trial here, but only because of the appeal and such a new trial can be considered a part of the appellate process in that it is its fruit. This court feels that a trial that came about as this one did was not meant to be covered by Miranda.
Again the court said: “ In the light of these additional considerations, we conclude that Escobedo and Miranda should apply only to cases commenced after the decisions were announced ” (p. 733; italics added).
This case began long before. The use of this language by the court seems to point up the fact that the trial to be commenced is an “ original trial ’ ’.
In determining the question of extent of retroactivity, this court haá endeavored to confine itself strictly to the Johnson doctrine. In People v. McQueen (18 N Y 2d 337) our Court of Appeals refused to go beyond Johnson as far as retroactivity is concerned, although recognizing it had a right under Johnson to do so. Our State policy is to adhere to Johnson policy and this court feels that in the interpretation of the Johnson case alone is to be found the answer to the instant problem.
There has been presented to the court an unreported decision of the Rensselaer County Court which did apply Miranda■ to a retrial. The court there relied apparently on a State statute (Code Crim. Pro., § 544) which states: “ When a new trial is ordered, it shall proceed in all respects as if no trial had been had ”. This court feels that the meaning of the word “ trial ” as used in Johnson, should come from Johnson itself, not an outside statute. Again, the learned Justice said he was going to apply rules of evidence as they existed at the time of the retrial. This would give more retroactivity than Johnson directs or than People v. McQueen (supra) permits. In any event, the submitted case cannot be followed.
In support of the motion comes a quotation from Gibson v. United States (363 F. 2d 146) with reference to the application of the Miranda doctrine to a retrial of a matter tried prior to Miranda. Referring to the Miranda case and its companion the court said (p. 148): “ This formidable foursome * # * may cause the district judge to reappraise his previous stand on the admissibility of the challenged statements and admissions. The ‘ guidelines ’ suggested by the Chief Justice, were not available at the time of trial and we see no reason why those principles should not be applied on the new trial of this cause. Johnson et al. v. New Jersey (384 U. S. 719 * * * would appear to *115 support this view. ’ ’ This court has read this case and finds in it no analysis of J ohnson that leads the court to the view taken. The premises are not available, simply the conclusion. We are simply constrained by our interpretation of Johnson to a contrary view and do not follow the Gibson case.
Going back for a moment to always present availability of long-standing case law on coerced confessions, recourse to the same is not only a possibility in this case. This defendant had a pretrial hearing on the voluntariness of this statement. The court found the statement voluntary and reserved to the defendant the right to present the claim of involuntariness again to the jury. On the first trial he chose not to do so, but is not bound by such conduct and can raise the question again. It is worthy to note that the court at the pretrial hearing found that safeguards against self incrimination were observed. (44 Misc 2d 324.) We point this out to show the present case is one of the type which the Supreme Court felt the refusal of retroactivity would work no substantial injustice. In view of all of the foregoing, the motion is denied.