THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BRUCE B. SAYERS and RONALD G. TREVAIL, Respondents.

Third Department, November 17, 1967.

*M. Andrew Dwyer, Jr., District Attorney (John J. Sweeney, Jr.,* of counsel), for appellant.

*Ungerman & Harris (Joseph Harris* of counsel), for respondents.

*Thomas J. O'Connor, Public Defender, amicus curiæ.*

Per Curiam. Appeal is taken from an order of the County Court of Rensselaer County which granted defendants' motion to suppress, upon their retrial, their allegedly involuntary confessions (Code Crim. Pro., § 813-g).

It seems to be undisputed that the confessions were without the constitutional guidelines subsequently established for custodial interrogation by *Miranda* v. *Arizona* (384 U. S. 436). The defendants' first trial was had prior to the *Miranda* decision and their inculpatory statements were properly received, after a *Huntley* hearing; as was indicated in our decision directing a new trial for legal error unrelated to the *Miranda* rule (26 A D 2d 736, 737). The District Attorney contends that *Miranda*, having been inapplicable to the first trial, cannot be invoked upon the retrial. The constitutional rights conferred by *Miranda*, however, are in essence evidentiary and procedural and thus, under long-settled principles, are effective to exclude the confessions on the retrial, as on any other trial commenced after the June 13, 1966 decision date of *Miranda*. (See *Johnson* v. *New Jersey*, 384 U. S. 719; *People* v. *McQueen*, 18 N Y 2d 337.) *

The retrial is completely *de novo*, the first trial having been completed; and the appellate process having been concluded upon the People's failure to appeal from our order. Our determination is, of course, consistent with the provision of section 464 of the Code of Criminal Procedure that "The granting of a new trial places the parties in the same position as if no trial had been had" and the provision of section 544 thereof that a new trial "shall proceed in all respects as if no trial had been had."

The order should be affirmed.

HERLIHY, J. (dissenting). The memorandum of the majority concedes that the inculpatory statements (confessions) at issue

---

* The citation by the minority of cases decided in other States constrains us to note that in the Federal and State jurisdictions in which this retrial problem has been encountered a majority of the decisions have held *Miranda* applicable. (See *Gibson* v. *United States*, 363 F. 2d 146; *United States ex rel. Pierce* v. *Pinto*, 259 F. Supp. 729, affd. 374 F. 2d 472; *State* v. *Brock*, 101 Ariz. 168; *People* v. *Doherty*, 67 Cal. 2d 9; *State* v. *Ruiz*, 49 Hawaii 504; *State* v. *McCarther*, 197 Kan. 279; *Creech* v. *Commonwealth*, 412 S. W. 2d 245 [Ky., 1967]; *State* v. *Shoffner*, 31 Wis. 2d 412; and, *contra*, *Jenkins* v. *State*, 230 A. 2d 262 [Del., 1967]; *People* v. *Worley*, 227 N. E. 2d 746 [Ill., 1967]; *State* v. *Vigliano*, 50 N. J. 51; and *contra*, also, is the only reported New York case, *People* v. *La Belle*, 53 Misc 2d 111.)

herein were properly found voluntary by the trial court. (*People* v. *Huntley,* 15 N Y 2d 72.) While the rights conferred by *Miranda* v. *Arizona* (384 U. S. 436) may be evidentiary and procedural, as noted by the majority, the issue is the suppression of the statements and not the evidentiary rulings or the court's charge upon a retrial. (In the present case there will be no jury trial.)

The ruling by the majority affects not merely the charge against the respondents herein as youthful offenders, but also those other defendants whose convictions have been reversed since *Miranda.* Indeed, in the present case there is an *amicus curiæ* brief on behalf of Richard M. La Belle. (See *People* v. *La Belle,* 43 Misc 2d 1002; 44 Misc 2d 324, 327; 24 A D 2d 350; 18 N Y 2d 405; 53 Misc 2d 111, 115.)

While I do not disagree with the concept that a retrial is *de novo,* I do not agree that it is *completely de novo.* (Code Crim. Pro., §§ 464, 544.)

The issue before us is whether or not the ordering of a new trial necessarily includes a new *Huntley* hearing. Another way of stating the issue is whether or not the " legal " voluntariness of the confessions once established by the trial court in accordance with the *Huntley* rule is vacated by a subsequent ordering of a new trial for errors committed before the trier of the facts.

The adjudication of the trial court as to the question of whether or not a confession was involuntary as a matter of law is not part of the trial before the trier of the facts and is not vacated by the ordering of a new trial. As a part of the appellate process in the present case, this court held that the statements now at issue were voluntary. (26 A D 2d 736, 737.) The prior appeal to our court was not further appealed and should be final.

In *People* v. *Huntley* (15 N Y 2d 72, 77–78, *supra*) the Court of Appeals held that the trial court must determine voluntariness adversely to the defendant prior to submitting the statement (confession) to the trier of the facts. The factual issue of voluntariness may again be raised by the defendant before the jury if he so desires. It seems reasonable that the *Huntley* hearing is so separate and distinct from the trial before the trier of the facts that a trial *de novo* does not mandate a new *Huntley* hearing. In *People* v. *McElvaine* (125 N. Y. 596, 605), it was held that the ordering of a new trial for errors before the trier of the facts did not require a new arraignment for purposes of entering a plea.

It appears that the requirements of sections 464 and 544 relate to the proceedings before the trier of the facts and not

to pretrial matters and that unless the pretrial matters are set aside upon the original appeal they are finally determined upon such appeal.

In regard to the decisions that the *Miranda* rule should apply only to those cases in which the trial had not yet commenced as of the date of the *Miranda* decision (June 13, 1966), it appears that there was no intention to upset the validity of the processes of those charged with law enforcement where the validity of such process had been judicially established at or before June 13, 1966. (See *Johnson* v. *New Jersey,* 384 U. S. 719; *People* v. *McQueen,* 18 N Y 2d 337.)

In view of my opinion that the judicial finding of voluntariness is separate and apart from a trial before the trier of the facts and that the *Miranda* rule does not reach behind such a determination, it is not necessary to consider the conclusion of the majority memorandum that the appellate process concluded in this matter. In considering the question of the effect of a new trial under *Johnson* (*supra*), it is to be remembered that we are not dealing with a constitutional right of such magnitude as to vitiate judicial proceedings initiated prior to *Miranda* (*supra*). (See *People* v. *Worley,* 227 N. E. 2d 746 [Ill., 1967]; *Jenkins* v. *State,* 230 A. 2d 262 [Del., 1967].) As stated in the case of *People* v. *McQueen* (18 N Y 2d 337, 348, 352, *supra*):

" [T]he dictates of public policy, in my view, require us to extend innovations in the criminal law only as far as is absolutely necessary to protect constitutional rights. \* \* \*

" What is significant is that many of those defendants convicted of heinous crimes would be set free to walk the streets because their confessions would be excluded, although there was not a question at all about their guilt or about the veracity and reliability of their confessions. No good reason has been suggested for reaching such an anomalous result and, as I see it, every significant policy consideration leads to the opposite conclusion. That is undoubtedly the reason why the Supreme Court in *Johnson* employed the unusual language it did in suggesting a specific cut-off date."

In sum, it does not appear that *Miranda* (*supra*) has been expressly made a part of the proceedings upon a retrial, and that such a far-reaching determination as proposed by the majority herein should not be made by an intermediate appellate court when such an express requirement has not yet been made by the final arbiters of such issues.

The order should be reversed, on the law.

GABRIELLI, J. (dissenting). I cannot agree that *Miranda* should apply upon the retrial of a case, notwithstanding the fact that

the trial will be held after June 13, 1966, the effective date of *Miranda*. There is no sound basis or logical reason for conducting a retrial under rules different from those prevailing when the cases were tried the first time. While I am not unmindful that under section 464 of the Code of Criminal Procedure, the granting of a new trial places the parties "in the same position as if no trial had been had", it does not perforce become a *new case* for it is but a continuation of the original case until the judgment is final. Reference to *Johnson* v. *New Jersey* (384 U. S. 719, 721) sustains this view when the court stated "We hold further that *Miranda* applies only to *cases* [emphasis supplied] in which the trial began after the date of our decision one week ago." (June 13, 1966.)

In adopting a similar view, the Supreme Court of Delaware in *Jenkins* v. *State* (230 A. 2d 262, 274 [Del., 1967]), said "The following statements in *Johnson* support our view: '*Future defendants* [emphasis supplied] will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test.' "

As logically expressed in *People* v. *Worley* (227 N. E. 2d 746, 750 [Ill., 1967]), it is clear that the intent of *Johnson*, as hereinabove set forth, is reinforced by the fact that "the court there made *Miranda* applicable only to cases commencing subsequent to June 13, 1966, expressly excluding those in which direct appeals were pending at the time *Miranda* was announced. This was in direct contrast to its action in *Linkletter* v. *Walker*, 381 U. S. 618 * * *, in which the court, while declining to apply *Mapp* v. *Ohio*, 367 U. S. 643 * * *, retroactively, held it applicable to *all* cases in which the State court decision had not become *final* prior to announcement of *Mapp*."

In addition, the disruptive effect upon the administration of justice is somewhat similar to that which was present in *Johnson*, all of which further leads us to the conclusion that the Supreme Court did not intend that *Miranda* should apply to the retrial of cases such as the one with which we are now concerned. The dictates of justice, fair play and public policy require us to extend innovations in the criminal law only so far as is necessary to protect constitutional rights, none of which is being violated by this determination. The holding in *Miranda* neither requires nor deserves any further application than is herein explained and I can find no persuasive reason to extend the holding to cases to be retried for they are not "original" trials as must have been the intent expressed by the court in *Johnson*.

Upon the facts in this case, it is abundantly logical and fair to all that we conclude that *Miranda* is inapplicable to retrials in cases which were originally tried prior to June 13, 1966.

The order should be reversed on the law.

GIBSON, P. J., AULISI and STALEY, JR., JJ., concur in opinion *Per Curiam*; HERLIHY and GABRIELLI, JJ., dissent and vote to reverse in separate opinions, in which each concurs.

Order affirmed.