STATE OF NORTH CAROLINA v. ROBERT BRANCH.

(Filed 22 May 1968.)

1. **Burglary and Unlawful Breakings § 3; Indictment and Warrant § 9—**

   An indictment charging the burglarious breaking and entry of the dwelling house of a named person situated in a specified county sufficiently describes the subject premises to withstand a motion to quash.

2. **Criminal Law § 75—**

   The requirements of *Miranda v. Arizona*, 384 U.S. 436, are not applicable to retrials of cases which were originally tried before the effective date of that decision.

3. **Criminal Law § 34—**

   In a prosecution for second degree burglary and larceny, the admission of testimony bearing upon the discovery of stolen property at defendant's home and other places which is not related to the offense for which defendant is being tried *is held* to be prejudicial error, evidence of other offenses being inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged.

APPEAL by defendant from *Parker, Joseph W., J.,* at 2 January 1968 Criminal Session of NASH County Superior Court.

STATE *v.* BRANCH.

The indictment charges that defendant did feloniously and burglariously break and enter the unoccupied house of J. C. Jones, situate in Nash County, North Carolina, in the night of 12 February 1962.

The defendant appeals from a verdict of guilty as charged.

*T. W. Bruton, Attorney General by James F. Bullock, Deputy Attorney General, for the State.*

*Fields, Cooper and Henderson by Leon Henderson, Jr., for defendant appellant.*

BROCK, J. At the outset, counsel for defendant state that assignments of error 1, 3, 4, 7, 18 and 20 are abandoned, conceding that they are without merit in fact and law. This is in accord with proper and candid procedure in appellate practice.

The defendant's second assignment of error is to the refusal of the trial judge to quash the bill of indictment because it described the premises alleged to have been entered as the dwelling house of one J. C. Jones situated in Nash County. Upon the authority of *State v. Knight,* 261 N.C. 17, 134 S.E. 2d 101, and the authority of *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105, this assignment of error is overruled. By addendum to defendant's brief, counsel properly concede that this assignment of error should be overruled upon authority of the *Burgess* case.

The defendant's fifth assignment of error is to the finding of the trial judge that the defendant's confession was freely and voluntarily given, and allowing the State to place the same in evidence against the defendant. The defendant asserts that the record does not support the judge's action because the record shows that the four parts of the warning required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694, were not given. The defendant was not advised of his right to have an attorney present during interrogation and that one would be appointed to represent him if he were indigent.

The defendant was arrested on 26 November 1962, and later charged with the offense of second degree burglary alleged to have occurred on 12 February 1962. He was thereafter tried, convicted and sentenced to prison in January 1963. He was not represented by an attorney during his January 1963 trial. Following a Post Conviction Hearing held in October 1967, the defendant was granted a new trial in the light of *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799, because he was not represented by an attorney upon his trial in January 1963. This appeal is from a con-

viction upon his retrial for the 12 February 1962 offense of second degree burglary. Upon his retrial and for purposes of this appeal the defendant is represented by appointed counsel.

The defendant was arrested, interrogated and confessed in 1962. He was first tried and convicted in January 1963. According to *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772, 16 L. ed. 2d 882, "[W]e conclude that *Escobedo* and *Miranda* should apply only to cases commenced after those decisions were announced." Also in *Johnson* it was said with respect to the *Miranda* guidelines: "[T]hese guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966." In the case before us the defendant's retrial from which this appeal is taken was held in January 1968.

The crucial question is whether the guidelines in *Miranda*, made prospective only by *Johnson*, apply to this defendant's retrial so as to prevent the State from placing in evidence defendant's confession given in 1962 under proper procedural safeguards applicable before *Miranda*.

The record on appeal supports the trial judge's finding of a free and voluntary confession under the law applicable before *Miranda*. Apparently the defendant concedes in his brief that the confession meets the before *Miranda* rules, but argues that the failure of the officers to advise the defendant of his right to counsel during interrogation and right to have appointed counsel prohibits the State from using the confession upon this retrial which comes after the date of *Miranda*.

If *Johnson* is read only in a cursory manner, it would appear that the Court has used conflicting terms to designate when the *Miranda* guidelines became applicable, *i.e.:* "cases commenced after," and "trials begun after." However, we will not here engage in semantics because it seems to us that a study of the rationale of the entire opinion in *Johnson* points to the conclusion that the two terms were used interchangeably, and were given the same meaning by the Court. The object then is to explore the basic reasoning of the decision to give only prospective application to the guidelines.

In *Johnson* at page 888 of Vol. 16 L. ed. 2d, the court said: "We must look to the purpose of our new standards governing police interrogation, the reliance which may have been placed upon prior decisions on the subject, and the effect on the administration of justice of a retroactive application of *Escobedo* and *Miranda*."

At page 891 of Vol. 16 L. ed. 2d, the court said: "Law enforcement agencies fairly relied on these prior cases, now no longer binding, in obtaining incriminating statements during the intervening years preceding *Escobedo* and *Miranda*." At page 892 of Vol. 16 L.

STATE *v.* BRANCH.

ed. 2d, the court said: *"Future defendants* will benefit fully from our new standards governing in-custody interrogation, while *past defendants* may still avail themselves of the .voluntariness test. *Law enforcement officers* and trial courts *will have fair notice* that statements taken in violation of these standards may not be used against an accused." (Emphasis added.)

In the light of what the court said as quoted above, the terms "cases commenced after," and "trials begun after" obviously encompass the time of interrogation. To construe the terms otherwise would render meaningless the recognition that the law enforcement agencies had fairly relied on prior cases in the years preceding *Escobedo* and *Miranda.* Also it would render meaningless the statement that law enforcement officers will have fair notice that statements taken in violation of the new standards may not be used against a defendant. The statement of the court that future defendants will benefit fully from our new standards, and that past defendants will still have the benefit of the voluntariness test adds weight to the view that the guidelines were intended to be applicable to future interrogation (interrogation conducted after June 13, 1966). This view of the intent of the *Johnson* opinion is consistent with the ruling of *Stovall v. Denno,* 388 U.S. 293, 18 L. ed. 2d 1199 (June 1967) which makes the decisions in *U. S. v. Wade,* 388 U.S. 218, 18 L. ed. 2d 1149 (June 1967), and *Gilbert v. California,* 388 U.S. 263, 18 L. ed. 2d 1179 (June 1967) prospective, and specifically applicable only to police lineups conducted after June 12, 1967.

Our research indicates that various courts have stated that *Miranda* guidelines apply to retrials of defendants whose first trials were held before *Miranda.* Also our research indicates that various courts have held that the guidelines do not apply to such retrials. The courts of the State of New York have held both ways. See *People v. LaBelle,* 277 N.Y.S. 2d 847; and *People v. Sayers,* 284 N.Y.S. 2d 481. It is significant that the courts which have stated that *Miranda* guidelines do apply to retrials have done so without articulating an analysis or interpretation of the meaning of the opinion in *Johnson v. New Jersey.* On the other hand, the courts which have held that *Miranda* guidelines do not apply to retrials have consistently articulated an analysis and interpretation of *Johnson.* Most of these cases will be referred to later in this opinion.

In the case of *Dell v. State,* ..... Ind. ......, 231 N.E. 2d 522, the Supreme Court of Indiana adopted the view that the *Miranda* warning requirements were applicable to retrials occurring after the date of *Miranda.* In so holding, the Supreme Court of Indiana stated: "In view of the fact that the Third, Fifth and Ninth Circuit Courts

of Appeal have adopted the majority view we also adopt the majority holding and indicate here that on a retrial in the case at bar that the *Miranda* warning requirements, the prerequisite for the admissibility of confessions or statements, are to be applied to retrials occurring after the thirteenth day of June 1966." The Indiana Supreme Court did not undertake any construction of the meaning of *Johnson v. New Jersey,* but only cited a list of cases in support of its adoption of what it termed the majority view. It cited *Gibson v. U. S.,* 363 F. 2d 146 (5th Cir. 1966) ; *Government of the Virgin Islands v. Lovell,* 378 F. 2d 799 (3rd Cir. 1967) ; *Amsler v. U. S.,* 381 F. 2d 37 (9th Cir. 1967). In none of the Federal Circuit Court cases cited was the question presented for decision, and in each case it was an indication or suggestion that *Miranda* would apply upon a retrial of the case then before it. In the Third Circuit Court case this was done by a footnote.

The Supreme Court of Indiana also cited *State v. Brock,* 101 Ariz. 168, 416 P. 2d 601 (1966) ; *People v. Doherty,* 59 Cal. Rptr. 857, 429 P. 2d 177 (1967) ; *State v. Ruiz,* 49 Haw. 504, 421 P. 2d 305 (1966) ; *State v. McCarther,* 197 Kan. 279, 416 P. 2d 290 (1966). Also, the court stated "we find similar holdings by the highest court of appeals in Kentucky, North Carolina and Wisconsin." It appears that this reference to Kentucky was to *Creech v. Commonwealth,* Ky., 412 S.W. 2d 245 (1967); that the reference to North Carolina was to *State v. Jackson,* 270 N.C. 773, 155 S.E. 2d 236 (1967) ; and that the reference to Wisconsin was to *State v. Shoffner,* 31 Wis. 2d 412, 143 N.W. 2d 458 (1966). We have examined each of the State cases cited by the Indiana court and .find that none of them has undertaken a discussion of the meaning of *Johnson v. New Jersey,* because the question was not presented upon the appeal then being heard, and in each case the court only summarily stated that upon a retrial the rules of *Miranda* would apply.

We do not view these cases as constituting authority to support the opinion by the Supreme Court of Indiana. The statement in *State v. Jackson,* (N.C.) *supra,* obviously was not necessary to a decision in the case and we are convinced that our Supreme Court has not ruled upon the question presented to us for determination.

On the other hand, we find well-reasoned opinions by the Supreme Court of New Jersey in *State v. Vigliano,* 50 N.J. 51, 232 A. 2d 129 (1967) ; and by the Supreme Court of Illinois in *People v. Worley,* 37 Ill. 2d 439, 227 N.E. 2d 746 (1967). In each of these cases the court was. directly dealing with the question of the applicability of the *Miranda* rules to retrials where the first trial had been

conducted prior to the date of *Miranda.* In *People v. Worley, supra,* the Illinois Supreme Court said:

> "Since the language employed in the statement of the *Johnson* rule is inconclusive, in our opinion the intention of the court may best be found by examining the reasons for the rule. The court listed three factors which entered into its decision: the purpose for announcing new standards in *Miranda,* the reliance placed upon the pre-*Miranda* rules, and the seriously disruptive effect on the administration of justice of a decision that *Miranda* apply retroactively. Finding that the integrity of the fact-finding process is not as substantially improved by *Miranda* as it has been by others of its decisions, that the pre-*Miranda* rules had been relied on by law enforcement officers to obtain confessions which are inadmissible in post-*Miranda* cases, and that making *Miranda* retroactive would seriously disrupt administration of our criminal laws, the court decided against applying *Miranda* retroactively. While the disruptive effect upon our criminal laws would not be as great if we follow *Gibson* as it would have been if the Supreme Court had held that *Miranda* applied retroactively, because retrials are not required in all pre-*Miranda* decisions in which confessions are involved, the presence of a disrupting effect similar to that with which the court was concerned in *Johnson,* as well as a consistent thrust from each of the other two criteria, leads us to conclude that the Supreme Court did not intend that *Miranda* apply to retrials in cases such as the instant one."

In *State v. Vigliano, supra,* the New Jersey Supreme Court said:

> "The tenor of *Miranda,* and particularly of *Johnson,* leads us to the conclusion that the rule was intended to apply only to cases which are tried for the first time after June 13, 1966. This seems fair to the State and to the defendant because in the investigation of the alleged crime, in the interrogation of the defendant, and in the trial of the case, the accepted constitutional standard by which the conduct of the police in obtaining a confession from defendants was to be judged was different from the more rigid standard imposed prospectively by *Miranda.*"

\*          \*          \*

> "If reliance by the authorities on the previous law is sufficient reason not to apply *Miranda* to cases tried and still on direct appeal on June 13, 1966 (see, *Johnson v. State of New Jersey, supra,* 384 U.S. at p. 753, 86 S. Ct. 1772), it would seem

that such reliance should have the same operative effect if the appeal results in a reversal and an order for a new trial. We find this thought also in the recent case of *Stovall v. Denno, supra,* which held that the new rule of *United States v. Wade,* 87 S. Ct. 1926 (1967) and *Gilbert v. State of California,* 87 S. Ct. 1951 (1967) making identification of an accused in a police lineup in certain situations inadmissible at trial, when the lineup was conducted without notice and in the absence of counsel, was to be applied only when the lineup was held after the common date of the three decisions. And in that connection the Court said:

> 'We also conclude that, for these purposes, no distinction is justified between convictions now final, as in the instant case, and convictions at various stages of trial and direct review. We regard the factors of reliance and burden on the administration of justice as entitled to such overriding significance as to make that distinction unsupportable.' 87 S. Ct. at 1972."

The Supreme Court of Delaware and the Supreme Court of Pennsylvania have adopted the view that *Johnson* does not require that the rules of *Miranda* be applied to a retrial of a defendant whose first trial was conducted before the date of *Miranda. Jenkins v. State, ...... Del. ......,* 230 A. 2d 262 (1967); *Commonwealth v. Brady,* 1 Cr. L. Rep. 2305 (Pa. 1967).

We agree with the reasoning of the Supreme Courts of New Jersey, Illinois, Delaware, and Pennsylvania. It is our view that this is the intent of the United States Supreme Court in *Johnson v. New Jersey, supra.*

We hold therefore that the defendant's confession given in 1962 under the procedural safeguards applicable before *Miranda* is properly admitted in evidence upon his retrial after the date of *Miranda.* Defendant's assignment of error No. 5 is overruled.

Defendant's assignments of error Nos. 8, 9, 10, 11, 12 and 13 were brought forward at the insistence of the defendant, against the advice of counsel. We have examined each and find them to be without merit.

Defendant's assignment of error No. 15 is to the rulings of the trial judge in refusing to strike, upon defendant's motion, testimony of the sheriff in response to the solicitor's question as follows:

"Q. Robert asked you to go to his home?

"A. Yes sir. I wouldn't say that he said, 'Come on, let's go to my house,' but in talking to him, Mr. Cooper, Robert said,

STATE *v.* BRANCH.

('Sheriff, you have got me, and I want to get straight with you,' and he wanted to help me recover the stuff. I didn't only go to his home, I went to several surrounding counties and I picked up lawnmowers —)

"OBJECTION AND MOTION TO STRIKE BY DEFENDANT AS NOT RESPONSIVE. OVERRULED. EXCEPTION.

EXCEPTION No. 27.

"A. (I went at his request to several counties adjoining Nash County and picked up lawnmowers, televisions, wheelbarrows, hole-diggers, tools, irons, hot plates, electric stoves, we had anything you wanted practically, bedclothes, pillows, sheets, dresses. I went to his home and found names in clothes of people that reported $1800 worth of clothes missing.)

"OBJECTION AND MOTION TO STRIKE BY DEFENDANT. OVERRULED. EXCEPTION.

EXCEPTION No. 28."

The defendant did not testify in this case, nor otherwise place his character in evidence. Nevertheless, there was cross-examination by the solicitor of defendant's wife over defendant's objection which elicited testimony of stolen goods found at defendant's home and other places, which goods were not involved in the case for which the defendant was being tried, *i.e.:* the breaking and entering of the residence of one J. C. Jones, and the larceny therefrom of one Admiral Television and one camera. Such questions by the solicitor are the subjects of defendant's assignment of error No. 14.

Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. Stansbury, N. C. Evidence 2d, § 91; *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364. Obviously the only effect of the testimony by the sheriff and that elicited by the solicitor from defendant's wife was to assail the character of the defendant and show his disposition to steal. Such evidence was prejudicial to the defendant and entitles him to a new trial.

The questions raised by defendant's remaining assignments of error will probably not arise upon another trial.

New trial.

MALLARD, C.J., and PARKER, J., concur.