Bellacosa, J.
(dissenting). I disagree with the majority’s conclusion that the wheelman of a getaway car, parked 15 feet from the bank robbery crime scene awaiting his holdup partner’s return, is not a "person actually present” within the meaning of the robbery second degree definition. Based on the statutory language itself, its legislative history and long-existing criminal-law principles, I conclude that the majority’s holding distorts the commonsense meaning and the expressly intended legal import of the statute. Thus, I dissent and vote to affirm the conviction.
Testimony established that defendant entered a bank, walked up to the teller’s window, handed the teller a note demanding $15,000 and threatened to detonate a bomb. The teller gave defendant $200 claiming it was all the money in her drawer at the time. As defendant turned to leave the bank, the teller activated the silent alarm and alerted the assistant manager of the robbery. The teller and the manager went to a window and spotted defendant walking towards a car parked about 15 feet from the bank. They observed a person seated in the driver’s seat, and as defendant entered *544 the car the accomplice effected the getaway. The majority says the accomplice was not "actually present”!
Defendant was charged with robbery in the second degree (Penal Law § 160.10 [1]), which requires (1) an accomplice (2) who is "actually present” and (3) who aids the defendant (People v Acevedo, 40 NY2d 701, 706). The majority concedes elements (1) and (3) are present, but then finds, by strained statutory construction, that defendant was wrongly convicted because his getaway driver was not sufficiently involved in the robbery or close enough to defendant and to the crime scene to have been "actually present”.
The statute does not require the accomplice driver to actually accompany the robber into the robbery premises or that the robbery victim be aware of the accomplice’s presence nearby (compare, People v Moser, 70 NY2d 476 [Per Curiam]). How then, as a matter of law, can this court declare the accomplice driver absent within the meaning of this statute? I confess I don’t know and I don’t understand the proffered explanation. The only sensible construction of the statute, deeply rooted in criminal-law principles, is that the objective presence and support lent by an accomplice at or near the central scene of a crime psychologically elevates the seriousness of the robbery and that warrants heightened classification and greater punishment.
Cogent support for this view is found in the legislative history and the Commission Staff Notes on the revised Penal Law which expressly includes this precise situation within robbery in the second degree (L 1965, ch 1030; Commission Staff Notes for proposed art 165 [renum art 160], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, at 2A-74). Under section 2124 of the former Penal Code, there were four aggravating factors which elevated a robbery to a first degree offense: (1) being armed with a dangerous weapon; (2) being aided by an accomplice actually present; (3) use of an automobile; or (4) infliction of grievous bodily harm (see, Hechtman, Practice Commentaries,» McKinney’s Cons Laws of NY, Book 39, Penal Law art 160, at 194-216). When the Penal Law was revised in 1965, two of these criteria, being armed and causing physical injury, were retained as aggravating factors sufficient to support robbery in the first degree. Accomplice assistance was determined to be a notch less serious as an aggravating factor and was proposed for a reduced second degree classification. The fourth element, use of an automobile, was elimi *545 nated entirely as an aggravating factor in robbery. The Commission explained: "The use of a car in a solo robbery does not appear as a highly significant item; and if it be regarded as such in a setting involving a group of bandits, the robbery is in any event raised to the second degree by virtue of the accomplice factor” (Commission Staff Notes, op. cit., at 2A-74 [emphasis supplied]).
Thus when one, acting alone, uses a car in a robbery, no aggravating factors are present and the offense constitutes robbery in the third degree. When two or more persons use a car in a robbery, the aggravating accomplice factor is present, raising the offense to robbery in the second degree. That being the intent of the statute and its sensible import, it is inconsequential that the accomplice driver did not actually step over the threshold of the bank’s physical curtilage with his holdup partner, or that the teller was unaware of the accomplice’s presence just outside the bank. The dispositive element, within the statute, is that the driver was actually present at the crime scene, which cannot as a matter of law be artificially cordoned off by this court as containing only the interior bank premises. This has the ring of a common-law formalism antithetical to our modern criminal law statute and principles.
The majority adds a restriction to the statute and it is entirely subjective. The level of seriousness of an offense is the Legislature’s prerogative, and that level should not be measured by the varying perceptions of victims in proportion to their individualized sense of threat of enhanced harm supplied by an aider’s actual presence at or near a crime scene (cf., People v Greene and People v Bogan, 70 NY2d 860). This unworkable subjective standard is contrary to the traditional criminal-law principles that the mutually reinforcing psychological effect among the criminals is the dispositive elevating factor (see, LaFave and Scott, Criminal Law § 64; People v McLean, 107 AD2d 167, 169, affd 65 NY2d 758; People v La Bella, 18 NY2d 405, on remand 53 Misc 2d 111; People v Monaco, 14 NY2d 43).
In sum, the majority provides no rule. It creates nothing but its artificial, arbitrary locational barrier, and it clouds focused analysis by erecting a constructive presence strawman argument. This is not a constructive presence case. If there is more than one room at the crime scene or compartments of rooms, or if one perpetrator enters a bank while another pulls up to *546 the drive-in window, are we really to conclude that the accomplices are not "actually present” together at the crime and reinforcing one another within this simple statutory phrase?
The test under the statute should be that actual presence with an automobile takes its meaning from direct participation, actually given or potentially available. That was what was intended and that makes good sense. The proof is irrefutable that the wheelman actually rendered assistance to this defendant because he drove the vehicle in which the bandits made their planned escape. As far as they were concerned, they were both actually present from the beginning to the end of their joint criminal enterprise.
This conviction is proper and should be upheld.
Judges Simons, Kaye, Alexander and Titone concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to affirm in a separate opinion in which Chief Judge Wachtler concurs.
Order modified and case remitted to Supreme Court, Queens County, for resentencing in accordance with the opinion herein and, as so modified, affirmed.