JORDAN, Circuit Judge,
concurring:
With one exception, I join the panel’s opinion. As to that exception&emdash;the testi- mony of Agent Bryant that Mr. Mallety’s codefendants “were utilizing” him to trans- port cocaine from Houston to Pensacola-I concur in the judgment because that testi- mony did not affect Mr. Mallety’s substantial rights. I write separately to empha- size the dangers that can surface when a case agent, who testifies as both a code-interpreting expert and a fact witness, expresses an opinion that the defendant was engaged in wrongdoing. “
‘[Particular difficulties, warrantingvigilance by the trial court, arise when an expert, who is also the case agent, goes beyond interpreting code words and sum- marizes his beliefs about the defendant’s conduct based upon his knowledge of the case.’ ” United States v. Emmanuel, 565 F.3d 1324, 1335 (11th Cir.2009) (quoting United States v. Dukagjini, 326 F.3d 45, 53 (2d Cir.2003)). There are a number of reasons to guard against this kind of edito- rializing, including the possibility that an agent’s testimony may overtake the jury’s job. See id. at 1336 (noting that such testimony “may come dangerously close to invading the province of the jury”). After all, as we recognized decades ago, there is “no practice under which [a government- agent witness] should [be] permitted to express his opinion as to the guilt of the [defendant].” Gibson v. United States, 363 F.2d 146, 147 (5th Cir.1966). See also United States v. Gonzalez, 414 Fed.Appx. 189, 200 (11th Cir.2011) (“[A] government witness may not offer an opinion as to whether the defendant committed the of- fenses with which he is charged.”); United States v. Blackburn, 398 Fed.Appx. 453, 466 (11th Cir.2010) (characterizing such testimony as “improper”).
*992 But potential encroachment into the jury’s role is not the only danger associated with a case agent who gives dual-purpose testimony; the Second Circuit, in Dulcagjini, provides another: “[TJhere is a high risk that when a case agent/expert strays from the scope of his expertise, he may impermissibly rely upon and convey hearsay evidence.” 326 F.3d at 55. Cf. Gibson, 363 F.2d at 148 (concluding that an agent’s testimony about others’ observations, which the agent relayed while describing the results of his investigation, was improper hearsay). Indeed, “[a]s the testimony of the case agent moves from interpreting individual code words to providing an overall conclusion of criminal conduct, the process tends to more closely resemble the grand jury practice, improper at trial, of a single agent simply summarizing an investigation by others that is not part of the record.” Dukagjini 326 F.3d at 54.
These already-significant hazards are compounded when an agent offers this dual testimony as an “overview witness.” See, e.g., United States v. Griffin, 324 F.3d 330, 349 (5th Cir.2003) (describing “overview witness” as one “put on the stand to testify before there has been any evidence admitted for the witness to summarize ... to paint a picture of guilt”). It is easy to see why putting a case agent’s hybrid testimony in the lead-off spot heightens its dangerous effect: there are very real risks that evidence intended to support the agent’s conclusions may not materialize and that the jury “may place greater weight on evidence perceived to have the imprimatur of the government.” United States v. Casas, 356 F.3d 104, 120 (1st Cir.2004). And I am not alone in my concern about the trouble this tactic creates; every other circuit to address the use of government overview witnesses in this context has condemned the practice. See, e.g., United States v. Moore, 651 F.3d 30, 54-61 (D.C.Cir.2011); United States v. Garcia, 413 F.3d 201, 210-17 (2d Cir.2005); Casas, 356 F.3d at 119-20; Griffin, 324 F.3d at 349-50.
Agent Bryant’s opinion that Mr. Mallety was being used by his codefendants to transport cocaine, in my view, was improper, as it likely would have been understood by the jury as evidence that Mr. Mallety was a knowing participant. But given the other evidence against Mr. Mallety, there was no plain error.