Keating, J.
Bruce B. Sayers and Ronald G-. Trevail were adjudicated youthful offenders on January 25,1966. The Appellate Division (Third Dept.) reversed the adjudications because of the improper cross-examination of one of the defendants. A new trial was ordered (26 A D 2d 736).
The defendants moved to suppress the use of their confessions on retrial (Code Crim. Pro., § 813-g). The motion was granted by the County Court on the ground that the defendants had not been warned of their constitutional rights in accordance with Miranda v. Arizona (384 U. S. 436). The Appellate Division with two Justices dissenting affirmed. The People appeal by permission of an Associate Judge of this court.
We reverse the order of the Appellate Division and hold that the admissibility of the defendants’ confessions should not be affected by the failure of the police to comply with the Supreme Court’s decision in Miranda v. Arizona (supra) —a case which had been decided after the defendants were questioned and after their original trial.
The Supreme Court in Johnson v. New Jersey (384 U. S. 719, 733) had occasion to deal with the question of what retroactive effect Miranda v. Arizona (supra) would be given. The court noted that there were no jurisprudential or constitutional obstacles preventing a purely prospective application of the rule set forth in Miranda and concluded that the decision should affect only those cases in which .the trial had begun after the date on which it was rendered and that those cases in the ordinary course of appeal and those which had already *575 exhausted the appellate process should not be affected. In reaching its conclusion the court gave consideration to the fact that law enforcement officials had relied on earlier decisions of the court and, therefore, a retroactive application of Miranda would have a disruptive effect on the administration of justice by requiring numerous retrials. Additionally the court noted that the use of confessions obtained without compliance with the standards set forth in Miranda had a minimal effect on the integrity of the fact-finding process and thus no unfairness would result from a prospective application of the decision. The court went on to conclude that the Miranda decision would ‘ ‘ apply only to cases commenced after those decisions [Miranda v. Arizona, supra, and Escobedo v. Illinois, 378 U. S. 478] were announced ” (supra, p. 733; emphasis added). As a result, “ [f]uture defendants will benefit from [the] new standards * * * , while past defendants may still avail themselves of the voluntariness test” (supra, p. 732; emphasis added).
At the time of the decision in Miranda v. Arizona (supra) these defendants were the ‘ ‘ past ’ ’ defendants about whom the Supreme Court spoke; they had been tried and convicted and their appeals were pending when the Supreme Court held that no confessions should be admitted unless a defendant had been apprised of his constitutional rights and had intelligently waived them. The question presented by this appeal is whether the admissibility of the confessions of these defendants must be determined by the standards set forth in Miranda v. Arizona (supra) merely because of the fortuitous circumstance that an error of law, unrelated to the admissibility of their confessions, took place at their trials which required a reversal of the convictions and a new trial.
At the outset it must be noted that the court in Johnson v. New Jersey (supra) did not deal with the precise question of what effect Miranda would have on retrials. For this reason, we believe it would serve no purpose to base our decision in this case on strained interpretations of essentially conflicting-language— as it affects the question before us — which both parties cite in support of their position (see, generally, Note, The Applicability of Miranda to Retrials, 116 U. of Pa. L. Rev. 316). Rather our decision should be based upon the same considerations of policy which the Supreme Court has indicated *576 are controlling in the determination of the retrospective effect to be given changes in constitutional interpretation.
The consideration which prompted the Supreme Court to limit the retrospective application of the Miranda decision was, as noted earlier, its concern with the burden upon the administration of justice that would have resulted from upsetting convictions which rested upon confessions obtained in good faith reliance upon pre-Miratida decisions. In the instant case, while the confessions were obtained in reliance upon those same pre-Miranda decisions, a new trial has been necessitated for reasons independent of the Miranda decision and so it is urged that the application of the Miranda standards to the admissibility of the confessions upon a retrial would not burden the administration of justice in the manner in which the Supreme Court was concerned in Johnson v. New Jersey (supra).
The defendants’ argument might have some merit if we were to limit our discussion of the burden of the administration of justice merely to the necessity for retrials. There are, however, considerations which touch upon the facilitation of the administration of justice that are not ordinarily present in cases which had not come to trial at the time of the Miranda decision and those, like the instant case, where the trials had been completed and were in the appellate process. The primary consideration in this regard is the ability of law enforcement officials to obtain evidence independent of the confession. In cases where trials had been completed and were in the appellate process at the time of the Miranda decision, many months if not years had passed since the commission of the crime and the initial trial. The original trial in the instant case took place some six months prior to Miranda and the criminal conduct had .taken place long before that. The law enforcement officials in .possession of confessions obtained in accordance with the law as it was at the date of the confession will be unable at this late date to obtain evidence independent of the confession and these defendants and other confessed criminals in the same position will go free. Such a result is neither mandated law nor reason and we decline to so hold.
In reaching this conclusion we are fortified by one of the more recent Supreme Court decisions on this retroactivity issue. In *577 Stovall v. Denno (388 U. S. 293) the Supreme Court was required to determine the retroactive effect to be given its decisions requiring the exclusion of identification evidence which was tainted because the accused was exhibited for identification in the absence of counsel. The case in many respects involved the same considerations present in Johnson. There had been reliance by law enforcement officials on earlier decisions, and a retroactive application of the new decisions would have necessitated new trials and thus would have placed a great burden on the administration of justice. The case, however, was a stronger one than Miranda for the purpose of retroactive application since the new rules evolved in that case were designed to insure the fairness of the fact-finding process.
The Supreme Court in a decision which cannot be distinguished from Johnson did not apply the new standards to trials commenced after the date of the new decision but only to those trials in which the lineups had taken place after the decision requiring the presence of counsel. Indeed, the court indicated that, when the basis of a nonretroactivity decision is the reliance by law enforcement officials on particular decisions of the court, the crucial test in determining the point at which the new rule was to be applied was the point at which reliance had taken place. The court cited with favor a lecture given by Mr. Justice Shaefeb of the Supreme Court of Illinois, who was critical of the failure of the Johnson decision to recognize this factor. Mr. Justice Shaefeb wrote (in a passage which was included within the citation in Stovall, supra):
‘ ‘ Again, however, in its determination [in Johnson v. New Jersey, supra] of the cutoff date for the application of new constitutional doctrines, the Court overlooked the factor of reliance. A police officer conducting an interrogation prior to Miranda could have complied fully with the then applicable constitutional standards but still have failed to comply with the newly added requirements. The earlier constitutional standards were relied upon, not at the moment that the trial commenced, but at the moment that the interrogation took place. There have been cases, and there will be more, in which this distinction is critical.” (Schaefer, The Control of “ Sunbursts”: Techniques of Prospective Overruling, 22 Record *578 of Association of Bar of City of N. Y. 394, 411 [emphasis added], cited in Stovall v. Denno, supra, p. 301, n. 2.)[1]
There can be little question, in light of Stovall, that, if Johnson v. New Jersey were decided today, the standards adopted in Miranda v. Arizona would have applied to govern the admissibility of only those confessions obtained after the date of the decision. While we are bound to apply Johnson to situations which the court specifically dealt with, we should not apply it to situations such as this, which were not considered in Johnson.
In closing, we wish to briefly deal with the effect of sections 464 and 544 of the Code of Criminal Procedure which provide as follows:

Section 464

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew; and the former verdict cannot be used or referred to, either in evidence or in argument. ”

Section 544

“ When a new trial is ordered, it shall proceed in all respects as if no trial had been had. ”
The argument is advanced that these sections bring this case within the ambit of the Johnson holding. The foregoing discussion clearly indicates that the crucial factors in determining whether Johnson v. New Jersey (supra) applies here are *579 considerations of policy and not labels.[2] These sections are, therefore, totally irrelevant to the decision which we must make.
For the reasons stated, the order of the Appellate Division should -be reversed and the motion to suppress the confessions should be denied.
Judges Sctleppi, Bergan and Jasen concur; Chief Judge Fuld and Judges Burke and Breitel dissent and vote to affirm on the prevailing opinion at the Appellate Division.
Order reversed and case remitted to the County Court for further proceedings in accordance with the opinion herein.

. The Supreme Court of Illinois has held unanimously that Miranda need not be applied to retrials (see People v. Worley, 37 Ill. 2d 439). There is a conflict of authority among the courts that have dealt with the question. (Compare Jenkins v. State, 230 A. 2d 262 [Del., 1967]; Sims v. State, 223 Ga. 465 [1967] ; Boone v. State, 2 Cr. Law. Rep. 2378 [Md., 1968]; State v. Vigliano, 50 N. J. 51 [1967]; Murphy v. State, 3 Cr. Law Rep. 2067 [Tenn., 1968]; State v. Branch, 161 S. E. 2d 492 [N. C., 1968] with United States ex rel. Pierce v. Pinto, 259 F. Supp. 729 [D.N.J., 1966], affd. 374 F. 2d 472 [3d Cir., 1967]; Gibson v. United States, 363 F. 2d 146 [5th Cir., 1966]; Government of Virgin Islands v. Lovell, 378 F. 2d 799 [3d Cir., 1967]; State v. Brock, 101 Ariz. 168 [1966]; State v. Ruiz, 421 P. 2d 305 [Hawaii, 1966]; State v. McCarther, 197 Kan. 279 [1966]; Creech v. Commonwealth, 412 S. W. 2d 245 [Ky., 1967]; State v. Jackson, 270 N. C. 773 [1967]; State v. Shoffner, 31 Wis. 2d 412 [1966]; cf. Moorer v. State of South Carolina, 368 F. 2d 458, 462 [4th Cir., 1966].)

. These sections merely codify the common-law rules with regard to the effect of an earlier trial upon a retrial (People v. Nitzberg, 289 N. Y. 523, 530) and the use of evidence introduced at the prior trial (see Richardson, Evidence [Prince ed.], § 284; cf. People v. Elliott, 172 N. Y. 146; Code Crim. Pro., § 8, subd. 3, par. [d]).