Hugh F. McShane, J.
The defendant is charged in a two-count indictment with the crimes of attempted murder (Penal Law, § 110.00; L 1965, ch 1030 and Penal Law, § 125.25; as amd by L 1973, ch 276) and assault in the second degree (Penal Law, § 120.05; as amd by L 1974, ch 660). The victim of the alleged attempted murder and assault survived.
The People have moved the case for trial and the selection of a jury was directed for August 13, 1975. Immediately prior to the selection of the jury, in order to protect the constitutional due process rights of the defendant herein, the court, prompted by the holding in Mullaney v Wilbur (421 US —, 43 US Law Week 4695), decided by the Supreme Court of the United States on June 9, 1975, moved, sua sponte, for a determination of the constitutionality of section 125.25 of the Penal Law of New York.
The matter was adjourned to August 18, 1975, to permit counsel to submit preliminary briefs on the motion with submission of additional briefs to be at the discretion of the court.
The pertinent and questionable paragraphs of section 125.25 of the Penal Law, which were in effect at the time of the alleged crimes, i.e., July 8,1974, provided as follows:
"A person is guilty of murder when:
"1. With intent to cause the death of another person, he causes the death of such person or of a third person; it is an affirmative defense that:
"(a) The defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant’s situation under the circumstances as the defendant believed them to be. Nothing contained in this paragraph shall constitute a defense for, or preclude a conviction of, manslaughter in the first degree or any other crime; or”. (Balance of statute deleted; emphasis supplied.)
*909 Prior to the court’s motion, counsel for the defendant had indicated that he proposed to plead the affirmative defense that defendant had acted under the influence of extreme emotional disturbance, as outlined in the statute.
Also vital to the consideration raised by the court’s motion herein is a study of section 25.00 of the Penal Law (L 1965, ch 1030), in effect at the time of the alleged crimes, which stated as follows:
"§ 25.00 Defenses; burden of proof.
"1. When a 'defense,’ other than an 'affirmative defense,’ defined by statute is raised at a trial, the people have the burden of disproving such defense beyond a reasonable doubt.
"2. When a defense declared by statute to be an 'affirmative defense’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence.”
The issue before the court is whether the defendant in the instant indictment is required to establish the affirmative defense claimed by a preponderance of the evidence or whether such a burden of proof on the defendant violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.
New York has previously upheld the burden of proof in an affirmative defense to be constitutionally proper, even though placed upon the defendant, on the ground that, since the Supreme Court of the United States had not articulated its views regarding the burden of persuasion, Federal cases were inapplicable (People v Laietta, 30 NY2d 68).
It is this court’s opinion that the Supreme Court of the United States in Mullaney v Wilbur (421 US 684, supra) has now clearly articulated the rule that the Fourteenth Amendment’s due process clause requires the prosecution to prove, beyond a reasonable doubt, the absence of the influence of extreme emotional disturbance when this issue is properly presented in the trial of an indictment such as has been before this court.
In Mullaney, the court held (p 686) that a State of Maine rule that required a defendant charged with murder to prove he acted "in the heat of passion on sudden provocation” to reduce a murder charge to manslaughter did not comport with the requirements of the due process clause, and that it is the prosecution that must prove, beyond a reasonable doubt, every *910 fact necessary to constitute the crime charged, stating that the reasonable doubt standard promulgated in Matter of Winship (397 US 358), applies to the degree of an offense as well as to the fact of its commission.
Mr. Justice Powell, writing for the unanimous court in Mullaney, reviewed the common-law history of murder and its varying degrees, and concluded that the large majority of States now require the prosecution to prove the absence of the heat of passion on sudden provocation beyond a reasonable doubt. Thus, he stated (p 696): "This historical review establishes two important points. First, the fact at issue here — the presence or absence of the heat of passion on sudden provocation has been, almost from the inception of the common law of homicide, the single most important factor in determining the degree of culpability attaching to an unlawful homicide. And, second, the clear trend has been toward requiring the prosecution to bear the ultimate burden of proving this fact.”
The mitigating factor of "heat of passion on sudden provocation” in the Maine statutes, in this court’s opinion, is merely another term for the mitigating factor of acting "under the influence of extreme emotional disturbance” set forth in the New York statute in question.
Petitioners in Mullaney urged that the absence of the heat of passion was not an element of the crime necessarily to be proved by the prosecution, but merely a critical point on the degree of culpability, thus meeting the safeguards of Winship. In contrast, however, Mr. Justice Powell indicated that (p —) "the criminal law of Maine, like that of other jurisdictions, is concerned not only with guilt or innocence in the abstract but also with the degree of criminal culpability.”
The New York statute in question requires that proof of the element of intent be demonstrated by the prosecution beyond a reasonable doubt. Indeed, to add to this the burden of proving the absence of the influence of extreme emotional disturbance beyond a reasonable doubt seems tantamount to increasing the labors of Hercules, since such a burden would require the People to prove a negative. Nevertheless, Mr. Justice Powell, writing for the court in Mullaney, states (p 702): "Nor is the requirement of proving a negative unique in our system of criminal jurisprudence.” adding, "Thus, we discern no unique hardship on the prosecution that would justify requiring the defendant to carry the burden of proving a fact so critical to criminal culpability.”
*911 This court has had the benefit of memoranda submitted on behalf of the defendant in support of the court’s motion, as well as on behalf of the People in opposition thereto. A review of the briefs convinces this court that, despite the differences between the verbiage of the Maine statutes considered in Mullaney and the New York statute questioned herein, the thrust of Mullaney is clear. Further, this court recognizes that it has traditionally been the policy of the courts of New York to construe statutes so as to uphold their constitutionality, if possible, such policy being reiterated as recently as March of this year in the unanimous decision of the Court of Appeals in People v Nieves (36 NY2d 396).
Here, in light of the clear impact of Mullaney, it is not possible for this court to uphold the constitutionality of that portion of section 125.25 of the Penal Law, which shifts the burden of proof to the defendant by obliging him to plead and prove an affirmative defense on the issue of the degree of culpability. It is the People who, when the defense of "extreme emotional disturbance” is pleaded to a murder indictment, must prove its absence beyond a reasonable doubt. Therefore, this court finds that section 125.25 of the Penal Law, as in effect on July 8, 1974, is unconstitutional. Moreover, the court is aware of the impact of this decision upon the present murder in the first degree and murder in the second degree statutes (Penal Law, §§ 125.27, 125.25, respectively). However, in light of Mullaney, this court can make no other determination.
The court further finds that where a statute incorporates both valid and invalid provisions, the former, if separable, will be upheld though the latter must fall (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150). As a result, the People are directed to proceed to trial in the instant case bearing the burden of proving the absence of the influence of extreme emotional disturbance on the defendant beyond a reasonable doubt.
The phrase "affirmative defense” as set forth in subdivision 1 of section 125.25 of the Penal Law, as in effect at the time of the alleged crimes herein, shall be deleted and the word "defense” shall be substituted therefor for purposes of this trial.
On the question of retroactivity, this court further decides, in accord with Johnson v New Jersey (384 US 719); People v McQueen (18 NY2d 337, 345); and People v Sayers (22 NY2d *912 571), that the holding in Mullaney applies only to cases in which the trial commences after June 9,1975.
The trial of this case is adjourned to August 26, 1975, in order to provide the prosecution with ample time to consider and prepare for the additional burden of proof laid upon it by this decision or, in the alternative, to file a notice of appeal and an order granting a stay of the proceedings herein.