George J. Balbach, J.
Upon the foregoing papers and in the opinion of the court herein, defendant’s application is granted to the extent indicated in the accompanying memorandum of this date.
The defendant moves for an order declaring a specific affirmative defense unconstitutional.
Defendant herein was indicted by a Queens County Grand Jury on April 30, 1974. He was charged with the crime of murder (Penal Law, § 125.25) in that he caused the death of one Pierre Lyman by striking him over the head with a board.
Counsel thereafter imposed the affirmative defense authorized by section 125.25 (subd 1, par [a]) of the Penal Law and alleged that his client "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse”.
The issue presented is: Does the above affirmative defense violate due process by forcing this defendant to prove an *302 element of his own case? It is the defendant’s contention that it does and he cites the recent Supreme Court holding in Mullaney v Wilbur, decided June 9, 1975 (421 US 684) and the rule enunciated in People v Balogun (82 Misc 2d 907).
In Mullaney v Wilbur (supra) our highest court reviewed a Maine homicide statute which required the defendant to prove by a fair preponderance of evidence that he acted in the heat of passion in order to reduce the crime of murder to manslaughter. The Maine statute was summarized as follows: "Absent justification or excuse, all intentional or criminally reckless killings are felonious homicides. Felonious homicide is punished as murder * * * unless the defendant proves by a fair preponderance of the evidence that it was committed in the heat of passion on sudden provocation.” (Mullaney v Wilbur, supra , pp 691-692.)
The issue the court faced was whether this Maine rule requiring the defendant to prove that he acted in the heat of passion accords with due process.
Basically, Maine justified its law- on the theory that the State may shift the burden of proof to the defendant in those cases: (1) where the State is required to prove a negative set of facts; or (2) where information is peculiarly within the realm of defendant’s own knowledge.
The highest court rejected both arguments. In speaking on the first point it stated (p 701): "It has been suggested, State v Wilbur, 278 A2d, at 145, that because of the difficulties in negating an argument that the homicide was committed in the heat of passion the burden of proving this fact should rest on the defendant. No doubt this is often a heavy burden for the prosecution to satisfy. The same may be said of the requirement of proof beyond a reasonable doubt of many controverted facts in a criminal trial. But this is the traditional burden which our system of criminal justice deems essential.”
As regards the second point, the court took cognizance of the fact that a defendant’s emotional state is typically peculiarly within the knowledge of that person himself but held (p 702) that this fact alone "does not * * * justify shifting the burden to him”.
The court indicates that our society has always demanded a greater burden of proof in criminal matters than civil and that the former burden is only satisfied when proof is estab *303 lished beyond a reasonable doubt. In this respect it quoted from Matter of Winship (397 US 358, 363, 643):
“The requirement of proof beyond a reasonable doubt has [a] vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interest of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. * * *
“Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned.”
In applying this concept of proof beyond a reasonable doubt to the Maine case, the Supreme Court held (701) that “The State affirmatively shifted the burden of proof to the defendant. The result, in a case such as this one where the defendant is required to prove the critical fact in dispute, is to increase further the likelihood of an erroneous murder conviction”. The end result amounted to a denial of due process. The court reached this conclusion by emphasizing that "due process commands that no man shall lose his liberty unless the Government has borne the burden of producing the evidence and convincing the factfinder of his guilt.” (Speiser v Randall, 357 US 513, 526.) Once it laid down this premise the court then observed that due process equally required that all criminal cases “must be proved beyond a reasonable doubt” Matter of Winship, 397 US 358, 364, supra and, in so doing, rejected the preponderance of evidence test. Putting both doctrines together, the court in Mullaney had no difficulty in concluding that it was the duty of the State to bear the total burden of proof beyond a reasonable doubt in all criminal cases and not the defendant’s. Thus, a defendant had no duty to prove any defense by a preponderance of the evidence and to require him to do so violated due process.
Evaluating the validity of the statute in the case at bar, this court starts out by noting that historically the legislative branch of the government defines crimes and prescribes defenses. Since it is its function to make the laws, a court ordinarily has no power to substitute its opinion for those of the Legislature. (Williams v Mayor, 289 US 36.) Moreover, “it *304 is a firmly established principle, and one which has become cardinal and elementary in the field of constitutional law, that the propriety, wisdom, necessity, adequacy, efficacy, utility, desirability, and expediency of legislation are not matters which are to be considered by the courts” (8 NY Jur, Constitutional Law, § 72, pp 599-602). In addition, moreover, the courts are reluctant to declare an act of the Legislature unconstitutional and will only so act when the unconstitutionality of the statute is clear (Garcia v Pan Amer. Airways, 183 Misc 258, affd 269 App Div 287, affd 295 NY 852) and "without doubt” (People v Crane, 214 NY 154). Finally, if the proof with respect to this issue is not clear but only doubtful, the courts will not declare a statute unconstitutional (People v Crane, supra).
As regards the affirmative defense set forth in section 125.25 (subd 1, par [a]) of the Penal Law, there then exists a strong presumption of constitutionality. This presumption of validity is reinforced when one considers that this section has been deemed an "innovation” and one which "provides a procedural flexibility in the 'defense’ area” by permitting a reasonable burden of proof to be cast upon the defendant in those situations in which it would be most inequitable to require negation beyond a reasonable doubt by the People. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 25.00 by Arnold D. Hechtman, p 63.) Our Court of Appeals has found that the defendant’s burden of going forward with the evidence is not one which would violate his constitutional due process rights. (People v Bornholdt, 33 NY2d 75; People v Laietta, 30 NY2d 68.) In light of the above, it is clear that the affirmative defense section is both favored by our Legislature and indorsed by our courts. Consequently, any attack must be undertaken with caution.
However, an analysis of the New York statute shows that our homicide section can be read almost exactly as was Maine’s, to wit, absent the influence of extreme emotional disturbance, a person is guilty of murder. The phrase "extreme emotional disturbance” is for all intents and purposes the same as our prior "heat of passion” language which could be found in the old Penal Law (§ 1050, subd 2) and such a concept is similar to Maine’s. The evidentiary burden which that State placed upon Wilbur is the same burden which our statute now places upon a defendant, namely, that he has the *305 task of "establishing such defense by a preponderance of the evidence” (Penal Law, § 25.00, subd 2). In summary, then, our law is similar to Maine’s; our burden of proof is identical. The end result in both cases is to shift onto the defendant "the burden of proving a fact * * * critical to criminal culpability”. On the basis of the above, this court has no other alternative than to find that section 125.25 (subd 1, par [a]) of the Penal Law is defective since it shifts the burden of proving extreme emotional disturbance from the People to the defendant and violates due process.
However, as Justice McShane so aptly pointed out in People v Balogun (82 Misc 2d 907, supra) a statute may be unconstitutional in one respect and valid in all others. In those situations where there is a partial invalidity, the courts will make every attempt to uphold the lawful part of the statute. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, also People ex rel. Price v Sheffield Farms Co (225 NY 25.) In the case before us, this court finds that the entire "murder statute” need not be declared invalid, but only the affirmative defense section. .Therefore, this court determines that the word "affirmative” shall be deleted from the section and the section should read in part "except that in any prosecution under this subdivision, it is [a] defense that”. (Penal Law, § 125.25, subd 1.)
Further, in view of the fact that proving a negative state of mind is a "heavy burden for the prosecution to satisfy” (p 701) and one that is traditionally done by the presumptions, permissible inferences or similar procedural devices (see Mullaney v Wilbur, supra, n 31), this court directs that the defendant serve a notice upon the People containing a general statement as to the nature of the "extreme emotional disturbance” (similar to notices served under CPL art 250). While the affirmative defense statute does not impose such an obligation, such information which is peculiar to defendant’s own knowledge would expedite the progress of trial and prevent delay. Such information might also be appropriate in view of the fact that the reasonableness of the defense must be determined from the viewpoint of a person in defendant’s situation under the circumstances as defendant believed them to be.
The application is therefore granted to the extent indicated.