Cooke, J. (dissenting).
I dissent and vote to reverse the order of the Appellate Division and to grant a new trial, on the authority of Mullaney v Wilbur (421 US 684).
Defendant was indicted and convicted after a jury trial of the crime of murder. The indictment, returned on January 15, 1971, accused "the defendant of the crime of MURDER, committed as follows: The defendant on the 27th day of December, 1970, in the Town of Urbana, County of Steuben and State of New York, did knowingly and unlawfully and with the intent to cause the death of another person, did cause the death of another person, to wit: the defendant on the aforesaid date at the Robert Rook residence in the Town of Urbana, New York, did intentionally cause the death of John Northrup by intentionally firing at John Northrup a loaded firearm thereby inflicting wounds which caused the death of said John Northrup.”
*308 The pivotal question on which this appeal turns is whether or not the New York murder statute in effect at the time of the commission of the alleged crime and at the time of trial (Penal Law, § 125.25, subd 1; see L 1965, ch 1030, eff Sept. 1, 1967), which made the defense of extreme emotional disturbance an affirmative defense, violated the due process clause of the Fourteenth Amendment.
Under the old Penal Law in effect prior to September 1, 1967, there were two degrees of murder, first-degree murder being distinguished from murder in the second degree by the presence of premeditation and deliberation. Section 1044 of the former Penal Law, defining murder in the first degree, provided:
"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed:
"1. From a deliberate and premeditated design to effect the death of the person killed, or of another”
and section 1046, furnishing the second-degree definition, stated: "Such killing of a human being is murder in the second degree, when committed with a design to effect the death of the person killed, or of another, but without deliberation and premeditation.”
The Revised Penal Law, as originally enacted by chapter 1030 of the Laws of 1965 and which became effective September 1, 1967, not only abandoned the degrees of murder but also eliminated the elements of premeditation and deliberation. In this respect, homicidal intent alone became the prerequisite for murder (Rothblatt, Criminal Law of New York, Revised Penal Law, § 68).
Subdivision 1 of section 125.25 of the Revised Penal Law, as in effect at the time in question,* provided in part:
"A person is guilty of murder when:
"1. With intent to cause the death of another person, he causes the death of such person or of a third person; except *309 that in any prosecution under this subdivision, it is an affirmative defense that:
"(a) The defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant’s situation under the circumstances as the defendant believed them to be. Nothing contained in this paragraph shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime”.
It should be noted that the absence of extreme emotional disturbance is not one of the elements of this type of such a crime; rather, such a disturbance is made an affirmative defense. Under this statute murder is a class A felony punishable by life imprisonment (Penal Law, § 70.00, subd 2, par [a]).
Section 125.20 of the Revised Penal Law, defining manslaughter in the first degree, reads in part:
"A person is guilty of manslaughter in the first degree when
* * *
"2. With intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as defined in paragraph (a) of subdivision one of section 125.25. The fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subdivision”.
Attention is called to the fact that under the statute the People need not prove "under the influence of extreme emotional disturbance” in any prosecution under subdivision 2 of section 125.20. Manslaughter in the first degree is defined as a class B felony, punishable by 25 years’ imprisonment (Penal Law, § 70.00, subd 2, par [b]).
The statute, subdivision 2 of section 25.00 of the Penal Law, declares in regard to the burden of proof as to an affirmative defense: "When a defense declared by statute to be an 'aflnv mative defense’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence.” Thus, under the statute, the defendant had the burden of establishing, by a preponderance of the evidence, *310 the affirmative defense that he acted under the influence of extreme emotional disturbance. Here, the trial court charged that defendant had raised the affirmative defense of "extreme emotional disturbance” and read subdivision 2 of section 25.00 to the jury. It instructed the jury that: "In this respect, the defendant’s raising of an affirmative defense makes a slight variation; although the rule still stands, generally, as to proof of the whole case, the burden of proving his affirmative defense—that indeed his acts were under extreme emotional disturbance which appears, reasonably, to be an explanation or excuse—is placed upon the defendant himself. The District Attorney is not required to deny this excuse. The defendant must by his proof convince you both that he was so emotionally influenced, and that it is a reasonable explanation and excuse for what he did. But he need not prove it beyond a reasonable doubt, but merely by a preponderance of the evidence.”
After this case was tried and subsequent to the Appellate Division affirmance, the Supreme Court, on June 9, 1975, rendered its decision in Mullaney v Wilbur (421 US 684). It is determinative here. It must be given complete retroactive effect, since the major purpose of its constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function (Ivan V v City of New York, 407 US 203; cf. United States ex rel. Castro v Regan, 525 F2d 1157, 1158).
In Mullaney, defendant was found guilty of murder after a trial in the State of Maine. The case against him included his pretrial statement in which he claimed that he attacked the victim in a frenzy provoked by the victim’s homosexual advances. The defense argued that the homicide was not unlawful since defendant lacked criminal intent and, alternatively, that at most the homicide was manslaughter rather than murder since it occurred in the heat of passion provoked by the homosexual assault. The trial court instructed the jury that Maine law recognizes only two kinds of homicide, murder and manslaughter, the common elements of both being that the homicide be unlawful, that is, neither justifiable or excusable, and that it be intentional. After reading the statutory definitions of murder and manslaughter, the court charged that "malice aforethought is an essential arid indispensable element of the crime of murder”, without which the homicide would be manslaughter. The jury was further instructed that *311 if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation. It was emphasized that "malice aforethought and heat of passion on sudden provocation are inconsistent things” and, thus, by proving the latter the defendant would negate the former and reduce the homicide from murder to manslaughter.
The Maine murder statute (Me Rev Stat Ann., tit 17, § 2651) provides: "Whoever unlawfully kills a human being with malice aforethought, either express or implied, is guilty of murder and shall be punished by imprisonment for life.” The manslaughter statute (tit 17, § 2551), in relevant part, reads: "Whoever unlawfully kills a human being in the heat of passion, on sudden provocation, without express or implied malice aforethought * * * shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 20 years”.
The Supreme Court in Mullaney, at page 691, viewed these Maine statutes in this fashion: "The Maine law of homicide, as it bears on this case, can be stated succinctly: Absent justification or excuse, all intentional or criminally reckless killings are felonious homicides. Felonious homicide is punished as murder—i.e., by life imprisonment—unless the defendant proves by a fair preponderance of the evidence that it was committed in the heat of passion on sudden provocation, in which case it is punished as manslaughter—i.e., by a fine not to exceed $1,000 or by imprisonment not to exceed 20 years” (emphasis added). After tracing the development of the law relating to homicide for several centuries and noting that in the last 50 years the large majority of the States have required the prosecution to prove the absence of the heat of passion on sudden provocation beyond a reasonable doubt, the Supreme Court observed at page 696: "This historical review establishes two important points. First, the fact at issue here —the presence or absence of the heat of passion on sudden provocation—has been, almost from the inception of the common law of homicide, the single most important factor in determining the degree of culpability attaching to an unlawful homicide. And, second, the clear trend has been toward requiring the prosecution to bear the ultimate burden of proving this fact.”
*312 In response to the argument that because of the difficulties in negating an argument that the homicide was committed in the heat of passion the burden of proving this fact should rest on the defendant, the Supreme Court was quick to point out at page 701: "No doubt this is often a heavy burden for the prosecution to satisfy. The same may be said of the requirement of proof beyond a reasonable doubt of many controverted facts in a criminal trial. But this is the traditional burden which our system of criminal justice deems essential.”
After laying down these premises, it comes as no surprise that the Supreme Court terminated its Mullaney dissertation, at page 704, with this conclusion: "We therefore hold that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case.”
That the New York statutes in question (Penal Law, § 125.20, subd 2; §. 125.25, subd 1) are virtually the same as the Maine law of homicide, is apparent from the Supreme Court’s "succinct statement” of the latter in Mullaney at page 691. New York’s phrase of "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse” is but a replacement for the phrase "in the heat of passion”. This is demonstrated by Hechtman’s Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, § 125.20, pp 391, 393) in which it is stated inter alia:
"The meanings and significance of subdivision 1 and 2 can be fully appreciated only against a background of certain common law principles of homicide.
"The common law enunciates the seemingly sound doctrine, known as 'voluntary manslaughter’ and adopted in most American jurisdictions, that murder by intentional killing is reduced to manslaughter by a mitigating factor variously termed 'heat of passion,’ 'sudden passion,’ 'provocation,’ and the like (1 Warren on Homicide [Perm. Ed.] § 85, pp. 416-417). The theory of the principle is one of extending a degree of mercy to a defendant who, though intending to kill, acted out of some kind of emotional disturbance rather than in cold blood.
* * *
"Subdivision 2, in conjunction with a provision of the revised murder statute (§ 125.25 [la]), restores to New York the *313 aforementioned common law doctrine of reduction from murder to manslaughter on the basis of 'heat of passion.’ In the restoration process, however, the phrase 'in the heat of passion’ is abandoned as the criterion of mitigation in favor of the phrase, 'under the influence of extreme emotional disturbance for which there is a reasonable explanation or excuse’ (§ 125.25 [la]). The latter standard is adopted from the Model Penal Code of the American Law Institute (§ 210.3 [b]), and the reasons prompting this change are fully expounded in the Institute’s commentaries (Model Penal Code Commentary, Tent. Draft No. 9, pp. 28-29).”
Moreover, as the Supreme Court pointed out in Mullaney, the "malice aforethought” specified in Maine’s murder statute was not an element requiring objective proof but only a policy presumption of the absence of heat of passion (at p 694). While New York’s statutes do not mention malice as such, they make the absence of extreme emotional distress an element of murder by distinguishing manslaughter from murder only by the presence of extreme emotional distress. Thus nothing turns on the fact that Maine gives this absence of the emotional factor a name and New York does not. Although not an element of the crime, said absence is the sole factor which determines whether the defendant will be convicted of murder or manslaughter and whether he will be subject to a maximum sentence of life or 25 years’ imprisonment. Functionally, the two statutory schemes are identical. The Supreme Court said of this design that it would permit a State to: "undermine many of the interests that decision [Winship] sought to protect without effecting any substantive change in its law. It would only be necessary to redefine the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of punishment.” (421 US, at p 698.)
Under Mullaney, there is no alternative but to hold that the provision in subdivision 1 of section 125.25 of the Penal Law, which makes the contention that defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse an affirmative defense, with the burden of proof upon defendant to establish said defense by a preponderance of the evidence, unconstitutional as a violation of the due process provision of the Fourteenth Amendment. The record here, relating to defendant’s mental state at the time of the killing, required a charge that to establish defendant’s guilt of murder the prosecution had the *314 burden of proving that defendant was not acting under the influence of extreme emotional disturbance for which there was a reasonable. explanation or excuse. In United States ex rel. Castro v Regan (525 F2d 1157, supra), it was stated at page 1160: "No where did the court charge, as did the Maine court in Mullaney, that the defendant had the burden of 'establishing] by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter.’ * * * Rather, the court charged that, before the jury could find murder in the second degree, 'there has to be proof beyond a reasonable doubt that there was the unlawful killing of another human being with malice and without reasonable provocation or justifiable cause or excuse’.” Under such a charge, defendant had nothing to prove and the burden was kept where it belonged.
(See People v Davis, 49 AD2d 437; People v Woods, 84 Misc 2d 301; People v Balogun, 82 Misc 2d 907; see, also, Evans v State, 28 Md App 640.)
It is significant that, although the Appellate Division affirmed the judgment of conviction in this case before the Supreme Court handed down its decision in Mullaney, that same Appellate Division, creditably, changed its position in People v Davis (supra) when that case came to it after Mullaney.
The order of the Appellate Division should be reversed and a new trial granted.
Chief Judge Breitel and Judges Gabrielli and Jones concur with Judge Jasen; Chief Judge Breitel and Judge Jones concur in separate opinions; Judge Cooke dissents and votes to reverse in another opinion in which Judges Wachtler and Fuchsberg concur.
Order affirmed.

 Pursuant to section 4 of chapter 367 of the Laws of 1974, effective September 1, 1974, the words "in the second degree” were added to the section title, the introductory line and the last unnumbered paragraph of section 125.25. Pursuant to section 13 of chapter 276 of the Laws of 1973, effective September 1, 1973, "A-I” were substituted for "A”. Pursuant to section 5 of chapter 367 of the Laws of 1974, effective September 1, 1974, section 125.27, entitled "Murder in the first degree”, was added to the Penal Law.